## COMMONWEALTH v. J. SEWARD BROWN.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF WESTMORELAND COUNTY.

Argued October 8, 1890—Decided January 5, 1891.
[To be reported.]

1. An indictment for forcible detainer, under § 22, act of March 31, 1860, P. L. 390, must aver a prior possession of the premises by the prosecutor, and an unlawful detention thereof by the defendant by force and with a strong hand, or by menaces or threats.

2. The same description and degree of force are necessary to constitute the offence of forcible detainer, that are required to constitute a forcible entry; greater force must be averred than is expressed by the phrase "with force and arms," and the words "and with a strong hand" should never be omitted.

3. Under an indictment for forcible detainer, which does not aver that

the prosecutor, at the time of the commission of the offence, had an estate either of freehold or of leasehold in the premises detained, the court, in sentencing the defendant after conviction, cannot award restitution of the premises.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 200 October Term 1890, Sup. Ct.; court below, No. 76 May Term 1890, Q. S.

On May 15, 1890, the grand jury returned as a true bill an indictment charging J. Seward Brown with forcible detainer. The information upon which the indictment was based was sworn to on May 9, 1890, by Lizzie Ohr, the prosecutrix. It did not allege that the prosecutrix had any estate or interest in the premises described as the subject of the offence charged, that she ever had possession thereof, or that the alleged unlawful holding, by the defendant, was adverse to her. The indictment charged that the defendant on April 1, 1890, and continuously thence hitherto, " with force and arms, etc., did and yet does unlawfully hold and keep the possession of a certain store-room, in the southern half of the building owned by the said defendant, J. Seward Brown, on Pennsylvania Avenue, in the borough of Greensburg and county aforesaid, the possession of said store-room of right belonging to one Lizzie Ohr, who leased the same of and from the said J. Seward Brown, but possession thereof the said J. Seward Brown with force and arms unlawfully holds and keeps, contrary to the form," etc., and against the peace and dignity, etc.

A motion to quash the indictment having been overruled, the defendant pleaded not guilty, and on May 17, 1890, the issue was tried before RAYBURN, P. J. 33d district, holding special term, and a verdict of guilty rendered. Thereupon the defendant moved in arrest of judgment for the following reasons :

1. The indictment does not set forth the estate claimed, as the law requires.

2. There was no evidence of actual force, threats or menaces, as the act provides and contemplates.

3. The defendant was in peaceful possession three years previous and immediately preceding the first of April, 1890,

Opinion of Court below.

and comes under the proviso of the act, the indictment alleging
possession in him since.

4. The bill of indictment is fatally defective, because it does
not aver, in the language of the statute, that it was done " by
force and with a strong hand, or by menaces or threats."

5. The bill of indictment is fatally defective, because it does
not aver any possession of the premises in the prosecutrix.

After argument, the court, RAYBURN, P. J. of the 33d dis-
trict, on August 23, 1890, overruled the motion in the follow-
ing opinion:

This case comes before the court on a motion in arrest of
judgment. On the trial of this cause, it appeared in evidence
that the defendant, some time in January, 1890, leased to the
prosecutrix a certain store-room in the borough of Greensburg;
that, by the terms of said lease, the prosecutrix was to have
possession of said room on the first day of April, 1890 ; that,
some few days prior to the said first of April, the defendant
permitted the prosecutrix to have the possession of said room
for the purpose of measuring and making ready for repairs she
was about to put on said room, so that it would be adapted to
her business, which was that of a milliner. The prosecutrix
testified that she was in the possession of said room for the
purpose aforesaid, and when she went back with the workman
and the material to make said repairs she was refused admit-
tance to said building, and, although she demanded the pos-
session from said defendant, he refused and kept possession
himself.

In submitting the case to the jury, we left it to them to find
as a fact whether or not the prosecutrix had been in the pos-
session of said property, and whether or not the defendant
detained the property from the said prosecutrix; and they
found the facts as stated, and found the defendant guilty of
detainer as he stood indicted. We think the evidence was
sufficient to warrant us in submitting the case to the jury, and
they having found the defendant guilty, we will not undertake
to disturb the finding of the jury. If Miss Ohr was in the
possession of the property, under the contract and arrangement
with the defendant, she is entitled under the law to maintain
this action against the defendant, and it is not necessary that

Arguments.

she be kept out of the possession by violence, threats or a breach of the peace. The fact of the defendant being there and having the control of the property and refusing admission thereto to the prosecutrix, or those representing her, is sufficient, and the offence of detainer is complete. As to the reason that the title to the property is not fully set forth in the indictment, it will not avail the defendant, as there is a substantial setting forth of the title, to show that the prosecutrix was entitled to the possession of the property, and the evidence supported the claim as laid. For the reasons set forth in the foregoing, the motion in arrest of judgment is overruled.[4]

—The court then adjudged the defendant to pay a fine of $25 and the costs of prosecution; [to make restitution of the lands and tenements detained,][6] and to give bond and stand committed, etc.

A bill of exceptions having been sealed, the defendant, after obtaining a special allocatur from Mr. Justice CLARK, took this appeal, specifying inter alia that the court erred

4. In refusing the motion in arrest of judgment.[4]

6. In imposing the sentence of restitution.[6]

7. In imposing any sentence upon the defendant.

*Mr. Denna C. Ogden* (with him *Mr. James A. Hunter* and *Mr. W. S. Kerr*), for the appellant:

The very gist of the offence of forcible detainer is that the possession was unlawfully kept and held "by force and with a strong hand, or by menaces or threats: " § 22, act of March 31, 1860, P. L. 390; Respublica v. Devore, 1 Y. 501. The indictment must conform to the statute, by charging the crime at least substantially in the language of the act: Updegraff v. Commonwealth, 6 S. & R. 3; Respublica v. Tryer, 3 Y. 451; Hamilton v. Commonwealth, 3 P. & W. 142; § 11, act of March 31, 1860, P. L. 433; Kramer v. Lott, 50 Pa. 498. The expression, "with force and arms," does not and never did have the same significance as the phrase, "by force and with a strong hand; " and the former expression will not take the place of the latter in an indictment: Respublica v. Devore, 1 Y. 501; Hamilton v. Commonwealth, 3 P. & W. 142. It is essential, also, to aver peaceable and lawful possession in the

prosecutor, and an entry thereon by the defendant: Pennsylvania v. Lemmon, Add. 315; Pennsylvania v. Waddle, Add. 41. And, when no estate is averred in the prosecutor, there cannot be a sentence of restitution: Burd v. Commonwealth, 6 S. & R. 251; Torrence v. Commonwealth, 9 Pa. 184; Commonwealth v. Knarr, 135 Pa. 35.

Counsel for the commonwealth did not appear.

OPINION, MR. JUSTICE McCOLLUM:

The substance of the charge contained in the indictment in this case is that the appellant " with force and arms " unlawfully holds and keeps the possession of a certain store-room in the southern half of his building on Pennsylvania avenue, in the borough of Greensburg, while the possession of that room of right belongs to one Lizzie Ohr, who has leased it from him. It was regarded in the court below as a good indictment for the statutory offence of forcible detainer, and upon it the appellant was tried, convicted, and sentenced to pay a fine of twenty-five dollars and the costs of prosecution, and to make restitution of the lands and tenements detained.

In the information on which the warrant for the arrest of the appellant was issued, the prosecutrix did not allege that she had any interest in or claim upon the store-room, and it is not charged in the indictment that she had possession of it at any time. It is true that the latter avers that she leased the room from the appellant, but when, and whether for life, for years, on condition, or at will, does not appear. We learn, however, from the statement of the learned judge in his opinion overruling the motion in arrest of judgment, that she was to have possession of the room under a lease on the first of April, and that a few days prior thereto the appellant allowed her to make some measurements therein, preparatory to contemplated repairs, but that when she brought the workmen and materials there he refused her admittance. The opinion does not inform us whether this refusal was before, on, or after April 1st.

While this brief reference to extrinsic matters is not essential to a decision of the question whether the indictment is sufficient to support the conviction, it serves to show the real nature of the controversy, and the importance of adherence to forms in

Opinion of the Court.

criminal procedure.	For aught that appears in the indictment or the opinion of the court, the appellant is under sentence for the crime of forcible detainer, when the main ingredients of the offence are wanting.	A prior possession of the premises by the prosecutrix, and an unlawful detention of them by the appellant " by force and with a strong hand, or by menaces or threats," were necessary to a lawful conviction, and should have been charged in the indictment: 2 Whart. on Crim. Law, 7th ed., §§ 2042, 2048; 2 Archb. Crim. Pr. & Pl., 8th ed., 1131; § 22, act of March 31, 1860, P. L. 390.	Greater force must be averred than is expressed by " vi et armis."	The words " and with a strong hand " should never be omitted: Whart. on Crim. Law, § 2047.	These words mean something more than a common trespass.	They imply that the entry was accompanied with that terror and violence which constitute the offence: Commonwealth v. Shattuck, 4 Cush. 141.	The same description and degree of force is necessary to constitute a forcible detainer as a forcible entry: 1 Whart. on Prec. Ind., 490, and notes.

The indictment under consideration does not authorize an award of restitution, because there is no sufficient averment in it that the prosecutrix has an estate either of freehold or leasehold in the premises: Burd v. Commonwealth, 6 S. & R. 252. It is fatally defective in form and substance, and the judgment entered upon it cannot be sustained.	A prosecution for forcible detainer is not an appropriate remedy for the breach of an agreement to give possession of lands and tenements.

> The judgment is reversed, and the defendant is discharged.