## Mayer, Appellant, *v.* Chelten Avenue Building Corporation.

194

Argued January 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*W. Horace Hepburn, Jr.,* for appellant.

*Walter Lee Sheppard,* with him *Alexander M. De-Haven,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

A landlord seized his tenant's goods in execution for defaulted rental payments of an apartment. The tenant secured a writ of replevin and, on the filing of a bond, the goods were released from the lien of the execution but the sheriff permitted them to remain on the premises. After the writ was returned, the goods were re-

moved by a deputy sheriff to a public warehouse. The tenant then brought an action against the landlord charging that this removal was an unlawful eviction and in violation of her right to have the personal property remain on the premises.

When the tenant's case was on trial, unable to prove any title or right to remain in possession of the premises or one that would enable her to keep her goods on the place, she was forced to try her action as one of forcible entry and detainer. To sustain such action there must be evidence of a breach of peace with a strong hand, coupled with dispossession from the premises and the exercise of an unlawful detention by menace, force, threats or fraud: *Com. v. Brown,* 138 Pa. 447, 452. Of this there was no proof and appellant now attempts to argue that the evidence shows an unlawful eviction and conversion. But the record shows the case was tried and disposed of as one of forcible entry and detainer. The court below stated during the trial that it was receiving evidence to support such an action. Appellant's counsel acquiesced in this. The opinion of the court below states explicitly that both counsel agreed that the pleadings were to be considered as an action for forcible entry and detainer. This agreement is not denied. When a case has been submitted, tried and decided on a given theory, this court on appeal will not review the record on a different theory: *Levy's Est.,* 307 Pa. 522; *Weiskircher v. Connelly,* 256 Pa. 387; *Richardson v. Flower,* 248 Pa. 35.

Appellant claims she had a right to the leased premises. This she says was in dispute and, until settled, she argues that it was her right to have the goods remain there. A complete answer to this suggestion is, first, she had defaulted in the payment of rent under her lease. That was an adjudicated fact by our decision in *Chelten Ave. Bldg. Corp. v. Mayer,* 316 Pa. 228, and is conclusive here. Second, the lease provided: "In case Lessee defaults in the payment of any rents . . . it shall be

lawful for Lessor immediately or at any time thereafter to re-enter said demised premises and to repossess itself of the same . . . and Lessor may thereupon re-let the demised premises and cancel the certificate for the accompanying shares of stock. . . ." This right to take possession existed in the owner notwithstanding the tenant owned stock in the apartment building and may have been to that extent a part owner. Such ownership was subject to the terms of the lease. The landlord, having the right to reënter and repossess premises for default in rents by the terms of the lease, had implied authority to remove furniture or other property from the demised premises and place it in storage or elsewhere at the owner's risk. Of course, no more force than is necessary can be used and due care must be observed.

The goods were removed to a public warehouse by a deputy sheriff acting under the direction of the sheriff's solicitor. When the writ of replevin was executed by the sheriff the goods were left in the possession of the tenant. Ordinarily when the writ is returned it has spent its force and can no longer be acted on. But, if the sheriff, in the execution of a writ of replevin, permits the goods to remain on the premises or leaves them where they cannot be secured by the owner, the sheriff has not made a complete execution of the writ. He may thereafter take further steps to deliver the goods into the plaintiff's possession, a bond being posted and no counterbond filed by the defendant. Until proper execution of the writ the goods are in the custody of the sheriff: *First Nat. Bank v. Dunn,* 97 N. Y. 149; *Grattan v. Wilson,* 82 Colo. 239; *Mohr v. Langan,* 162 Mo. 474; *Wilson Motor Co. v. Dunn,* 129 Okla. 211.

So in any aspect of the case, even on the causes of action for which appellant contends, this record would not permit a recovery. It shows that the deputy sheriff removed the goods acting under instructions from the sheriff's solicitor and not from appellee. With the covenant of the lease and an admitted default, it is difficult to un-

derstand how appellee could be liable even if it had instructed the sheriff to remove the goods.

Judgment affirmed.