333 A.2d 777

**Frank D. KIMMEL et al., Appellants,**

**v.**

**SOMERSET COUNTY COMMISSIONERS et al.**

Supreme Court of Pennsylvania.

Argued Oct. 12, 1974.

Decided March 18, 1975.

John W. Pollins, III, Edgar T. Hammer, Jr., Hammer & Pollins, Greensburg, for appellants.

William L. Kimmel, County Sol., Somerset, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants brought this action in equity attacking the 1973 assessment of taxable real property in Somerset County. After a pre-trial hearing, the trial court grant-

ed judgment on the pleadings to appellees and dismissed the complaint. On this appeal, [1] we affirm.

In 1973, the authorities of Somerset County undertook a re-assessment of all real property in the county for the purpose of determining 1974 real estate taxes. Notices of assessment for 1974 taxes were mailed to property owners throughout the period from September 7, 1973, to November 6, 1973. The notices informed the owners that they could take an appeal from the assessment within 10 days of the date of the notice.[2] Accompanying the notice were a letter from the chief assessor and a form for use in taking an appeal from the assessment.

Appellants' attack in the trial court focused on the right to appeal from the assessment. They contended that the notice, letter, and appeal form misrepresented the proper procedure to be employed in appealing the assessment. They also contended that the representation that the owner had a 10-day period in which to appeal was false and misleading because, under the applicable statute,[3] the owner in fact had until September 1, *1974*, to take an appeal.

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1974).

2. "If you are aggrieved by this or any assessment you may appeal therefrom to the Board of Assessment Appeals . . . by filing a statement in writing not later than 10 days from above date."

3. The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, art. VII, § 701, as amended, 72 P.S. § 5453.701 (1968 & Supp.1974):

   "(a) . . . . [N]otice [of assessment] shall state that any person aggrieved by such change or by any assessment, may appeal to the board for relief by filing with the board on or before the first day of September, a statement in writing of such intention to appeal . . . .

   "(b) Any person aggrieved by any assessment may appeal to the board for relief. Any person desiring to make an appeal shall, on or before the first day of September, file with the board a statement in writing of intention to appeal . . . . ."

- In this appeal, appellants have abandoned the contentions that the notice, letter, and appeal form misrepresented the appeal procedure and the time limit for taking an appeal. They now for the first time urge two quite different theories. First, they contend that the applicable statute [4] required that the owners have appealed by September 1, *1973*, and therefore, because assessment notices were not mailed until after September 1, they have been denied any appeal [5] (even though thousands of appeals were in fact filed and considered on their merits by the Board of Assessment Appeals). Second, citing Moyer Appeal, 57 Pa.D. & C. 261, 268 (C.P.Montgomery County 1971), they contend that the authorities failed to adhere to the statutory schedule for re-assessment, [6] and that this failure renders the re-assessment void.

■■ Appellants are requesting this Court to review the decree on entirely different theories than they presented to the trial court. We will not do so. It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court. See *Altman v. Ryan*, 435 Pa. 401, 406–07, 257 A.2d 583, 585 (1969); Abrams

---

4. See note 3 supra.

5. Brief for Appellants at 16:
   "The taxpayers' rights to appeal were invalid because their right of appeal expired September 1, 1973 under the mandatory terms of Section 701(b) [see note 3 supra] . . . .
   Since no taxpayer, appellant, in Somerset County received notice of reassessment or notice of his right of appeal prior to September 7, 1973, we submit that there was not a single valid right of appeal in the entire citizenship of Somerset County."

6. The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, arts. VI & VII, §§ 601, 604, 701, 702, 703, as amended, 72 P.S. §§ 5453.601, 5453.604, 5453.701, 5453.702, 5453.703 (1968 & Supp.1974); see also id. art. I, § 107, as amended by Act of December 14, 1967, P.L. 830, § 1, 72 P.S. § 5453.107 (Supp.1974):
   "All dates specified in this act for the performance of any acts or duties shall be construed to be mandatory and not discretionary with the officials or other persons who are designated by this act to perform such acts or duties."

Will, 419 Pa. 92, 98, 213 A.2d 638, 641 (1965); *Fisher v. Brick,* 358 Pa. 260, 264, 56 A.2d 213, 215 (1948); *Mayer v. Chelten Avenue Building Corp.,* 321 Pa. 193, 195, 183 A. 773 (1936). Since appellants have abandoned on appeal the theories that were presented to the trial court, they have failed to advance any reason requiring reversal of the decree.

Decree affirmed. Costs on appellants.

EAGEN, J., concurs in the result.