Commonwealth *v.* Smith, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph M. Reibman,* and *Reibman and Reibman,* for appellant.

*Nicholas M. Zanakos,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., February 2, 1976:

Appellant Leslie Hale Smith was arrested on January 5, 1973, and charged with assault with intent to ravish, statutory rape, and corrupting the morals of a minor. On April 24, 1973, appellant was tried by a judge and jury, was found guilty of fornication and of corrupting the morals of a minor, and was sentenced, on March 4, 1975, to a term of one to two years imprisonment. Appeal was taken to our Court from the judgment of sentence.

The events which gave rise to the charges against appellant occurred over a period of three days, December 8th through December 10th, 1972. On December 8th at approximately 8:00 P.M., the prosecutrix, a girl of fifteen at the time, was standing in front of the Willow Grove Hotel about a block and a half from her home, when appellant drove by and stopped. The girl knew appellant and agreed to take a ride with him. After two stops for undetermined reasons, the couple arrived at the home of an acquaintance, Barry Lesher,

where they found Barry Lesher and two other men. Appellant gave the girl an opened can of beer, which, although she was not unused to drinking beer, made her tired and dizzy. At appellant's suggestion, the girl went into the bedroom to lie down for a while. After a few minutes, appellant entered the bedroom and proceeded to undress the girl and engage in intercourse with her. Appellant was followed in turn by Barry Lesher and the two other men. When asked at trial on direct examination whether she made any attempt to resist, the prosecutrix replied, "I couldn't, I don't know, I was so scared and I didn't know, I was so tired, I couldn't even talk, really." Some time Friday night or Saturday morning, a second girl was brought in, whom the three men stripped and beat, and had intercourse "and a, other things, you know" with. The prosecutrix stated that she tried to leave on Saturday, but that she was stopped by appellant, who had a loaded gun which he threatened to use on her and the other girl. The prosecutrix also testified that the four men were using "meth" and marijuana. The prosecutrix was permitted to leave on Sunday after taking a bath.

Appellant argues that there was insufficient evidence presented to sustain his conviction for fornication. Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Porter*, 229 Pa. Superior Ct. 314, 323 A.2d 128 (1974), we find that the record does contain sufficient evidence to support the conviction. The prosecutrix testified that appellant engaged in sexual intercourse with her; specifically, that she could feel the penetration of his penis in her vagina. A police officer testified that the prosecutrix had been able to accurately describe the inside of the apartment where the acts took place, indicating that the girl had in fact been there at some time. There was no medical testimony given; however, the prosecutrix stated that she

had taken a bath before leaving the apartment. We cannot say that, as a matter of law, the evidence presented by the Commonwealth was insufficient to sustain appellant's conviction for fornication.

Appellant also argues that he was improperly convicted of corrupting the morals of a female minor, since the female minor admittedly engaged in sexual relations prior to the time of the offense charged, and since the jury by its verdict of not guilty of statutory rape but guilty of fornication necessarily found that the female minor had a bad reputation for chastity. There was testimony given at trial by appellant's girl friend and by his sister, from which the jury could have concluded that the prosecutrix had a bad reputation for chastity. In addition, the girl admitted at trial that prior to December 8, 1972, she had voluntarily engaged in sexual relations with appellant and with two other individuals. Accepting that the prosecutrix in this case did have a bad reputation for chastity, this would be no defense to the charge of corrupting the morals of a minor: "[t]here is always a chance that such a child might have reformed but for the defendant's conduct continuing the child's delinquency." *Commonwealth v. Meszaros*, 194 Pa. Superior Ct. 462, 465, 168 A.2d 781, 782 (1961). Furthermore, in addition to the sexual conduct in which appellant involved the prosecutrix, there is testimony that appellant and the other men were using "meth" and marijuana in her presence, and had given her beer, possibly drugged, to drink. The evidence was clearly sufficient to sustain the conviction for corrupting the morals of a minor.

Appellant further argues that the lower court erred in not granting his motion in arrest of judgment, since fornication is no longer cognizable as a criminal offense in Pennsylvania. Appellant's reliance on *Commonwealth v. Beattie*, 93 Pa. Superior Ct. 404 (1928) is misplaced. *Beattie* states the general rule that "the

repeal of a penal statute bars prosecution, or further prosecution, for violations of the statute committed before the repeal, *if there is no saving clause in the statute, or no general statute providing that the repeal shall not affect prosecutions for offenses committed while the statute was in force."* [Emphasis added]. 93 Pa. Superior Ct. at 412. The Act of December 6, 1972, P.L. 1482, No. 334, §2, eff. June 6, 1973, amending the Act of November 25, 1970 (P.L. 707, No. 230) provides as follows:

"Title 18 of the Consolidated Pennsylvania Statutes (relating to crimes and offenses), as added by this act, does not apply to offenses committed prior to the effective date of this act and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force. For the purposes of this section, an offense was committed prior to the effective date of this act if any of the elements of the offense occurred prior thereto."

This section clearly applies to the situation before us, and dictates our finding that appellant was properly convicted of fornication.

Appellant's final argument is that reference by the prosecutrix on cross-examination to appellant's having been in jail before was reversible error. The prosecutrix was asked by the appellant's attorney what had transpired when appellant picked her up. The girl replied: "Well, he hadn't seen me for a while because, I don't know, well, he was in jail before and I guess he just was out for a little while. He was driving through, I guess, and he seen me and he stopped." No objection or motion with respect thereto was made to this testimony by appellant's attorney, although the matter was raised in post-trial motions. We hold that failure of appellant's attorney at trial to object when reference was made to appellant's having been in jail before,

precludes us from now considering the matter on appeal. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Judgment affirmed.

HOFFMAN, J., concurs in the result.