363 A.2d 1253
**COMMONWEALTH of Pennsylvania**
v.
**James L. DITMORE, Appellant.**

Superior Court of Pennsylvania.
Submitted April 12, 1976.
Decided Sept. 27, 1976.

Simon B. John, Asst. Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, Dist. Atty., Uniontown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from an order dismissing appellant's second Post Conviction Hearing Act [1] petition without a hearing. The case is a procedural labyrinth. On September 6, 1974, appellant, after a jury trial, was found guilty of assault and battery with intent to rob, armed robbery, and robbery with an *accomplice*. Post-trial motions were filed on September 13, 1974, and denied by order dated March 17, 1975. Appellant was sentenced on April 17, 1975. His sentence was made to run consecutive to a sentence he is serving in West Virginia.

On or about April 23, 1975, the "accomplice" came forth with an affidavit which the appellant proffers as "after-discovered evidence", to-wit, the "accomplice" testified in his affidavit that he alone committed the robbery and that the appellant did not participate in any way in the commission of the crimes for which the appellant was convicted.[2] At this time no direct appeal was

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.* 19 P.S. § 1180-1 *et seq.* (Supp. 1976-77) (hereinafter PCHA).

2. The "accomplice" testified at his own preliminary hearing that the appellant was a participant in the robbery. He did not testify

pending, and no prompt motion for a new trial was filed on the ground of after-discovered evidence. *See* Pa.R. Crim.P. 1123(d).

On April 29, 1975, appellant, with counsel other than trial counsel, filed his first PCHA petition raising, *inter alia*, the after-discovered evidence issue. This petition was not ruled on until July 15, 1975. In the interim, on May 16, 1975, appellant, represented by the same counsel who filed the PCHA petition and who presently represents the appellant, filed a direct appeal from the judgment of sentence. On July 10, 1975, this court granted appellant an extension of time, to August 30, 1975, in which to file his brief and record. By stipulation dated September 25, 1975 the parties agreed that the appeal be continued and placed on the argument list for the week of April 12, 1976. Appellant's judgment of sentence was affirmed per curiam without opinion on June 10, 1976. *Commonwealth v. Ditmore*, 241 Pa.Super. 533, 358 A.2d 63 (1976).[3]

By order dated July 15, 1975, the lower court dismissed appellant's first PCHA petition without a hearing, on the ground that since the appellant was not "incarcerated in the Commonwealth of Pennsylvania [he was under sentence in West Virginia, *see* text supra] under a sentence of death or imprisonment nor is he on parole or probation," Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965), 1580, § 3(b), 19 P.S. § 1180–3(b) (Supp.1976–77), he was not entitled to PCHA relief. No appeal was taken from that order. *See* 19 P.S. § 1180–11 (Supp.1976–77).

at the appellant's trial and appellant's trial counsel never interviewed him. His present story is that the appellant was "fooling around" with his wife, and that being "strung out" on drugs, and "very confused" he decided that implicating the appellant would be a good way to get even. The "accomplice" stated that he never thought the appellant's case would get to trial. It was only after he saw the appellant in prison that he decided he better come forth with the "truth."

3. An application for allocatur was filed on July 7, 1976.

On October 8, 1975, appellant, represented by the same counsel, filed his second PCHA petition. This petition was also dismissed without a hearing, by order dated November 14, 1975, for the same reason set forth in the order of July 15, 1975. *See* text supra. It is this order from which the appellant has appealed.

## WAIVER

It is well-established that an appellate court may affirm the lower court on a rationale not advanced by the lower court. *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974); *Commonwealth ex rel. Wardrop v. Warden*, 237 Pa.Super. 502, 352 A.2d 88 (1975). The issue of appellant's eligibility for PCHA relief was the same issue that could have been raised in an appeal from the order denying appellant's first PCHA petition. As heretofore noted, no timely direct appeal was perfected from the lower court's order of July 15, 1975. Hence, the issue is waived or previously litigated, *see Commonwealth v. Caskie*, 228 Pa.Super. 231, 323 A.2d 248 (1974) (per curiam), and on this ground alone we may affirm the order of November 14, 1975, dismissing the second PCHA petition without a hearing.

## AVAILABILITY OF PCHA RELIEF

The appellant is incarcerated in West Virginia. To be eligible for relief under the Post Conviction Hearing Act, a petitioner must prove that he has been convicted of a crime and that he is incarcerated in the Commonwealth of Pennsylvania under a sentence of death or imprisonment, or on parole or probation. 19 P.S. § 1180–3. Appellant does not meet these criteria.

Appellant argues, however, that the holding of our Supreme Court in *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971) requires that his petition under the Post Conviction Hearing Act be treated as one for a writ

of coram nobis, and when so treated the lower court erred in denying his petition without a hearing. On the facts of this case, we do not believe that *Commonwealth v. Sheehan*, supra mandates that we make available, through the writ of coram nobis, a procedural channel in which the appellant may collaterally attack his conviction.

Initially, we note that the appellant's brief in the instant appeal argues only that the lower court erred in denying him a hearing during which he could present his "after-discovered" evidence. Accordingly, while his second PCHA petition does raise a number of other issues, we focus only on the "after-discovered" evidence issue since this is the only issue the appellant now urges requires the availability of the procedural channel of the writ of coram nobis.

■■ Under the traditional definition of coram nobis, the writ is not available to permit the review of a prior judgment on the basis of an allegation of after-discovered evidence. In *Commonwealth v. Harris*, 351 Pa. 325, 328, 41 A.2d 688, 690 (1945) our Supreme Court noted the limited scope of the writ.

"2 Ruling Case Law, Sec. 260, p. 307, says: 'The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which if known at the time the judgment was rendered [4] would have prevented its rendition. It lies to correct errors in fact only, and will not lie to correct errors in law,

---

4. The "accomplice" did not even testify against the appellant at trial. *See* note 2 supra. Therefore, the jury did not hear evidence from the "accomplice" inculpating the appellant. It was argued, however, on direct appeal from the judgment of sentence, *see* text supra, that the arresting officer testified at trial that he was led to make the arrest of the appellant "through implication by the accomplice of the accused." N.T. at 7. The Court cautioned the jury to disregard the hearsay statement, and ordered it stricken from the record. On direct appeal the appellant argued that this testimony required a mistrial. This issue was found to be without merit.

*nor will it lie to permit the review of a judgment for after-discovered evidence. . . .* " (Footnote added.) (Citations omitted.)

However, in *Commonwealth v. Sheehan,* supra our Supreme Court expanded the scope of the writ of coram nobis, and allowed a collateral attack in the form of coram nobis on an allegation of the denial of right to counsel. "Under the traditional definition, coram nobis would not have been available." *Commonwealth v. Doria,* 232 Pa.Super. 439, 444, 335 A.2d 472, 475 (Dissenting Opinion by Hoffman, J., in which Cercone and Spaeth, JJ., joined), *allocatur allowed,* 232 Pa.Super.Ct. xxiv (1975).

■ Instantly, we need not decide whether the decision in *Sheehan* has expanded the scope of the writ of coram nobis to the extent that the writ lies to permit the review of a prior judgment on the basis of after-discovered evidence. In *Sheehan,* the Court stated, citing *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) that "courts should act by whatever procedural channels appear necessary to do justice when the record makes plain a right to relief . . . ." *Commonwealth v. Sheehan,* 446 Pa. at 40, 285 A.2d at 468 (footnote omitted). *See also Commonwealth v. Kurus,* 371 Pa. 633, 92 A.2d 196 (1952) (available procedural remedy should be fashioned where the circumstances require that relief be granted; in *Kurus,* appellant's case was without merit and the availability of procedural relief through the writ of coram nobis was rejected).

■ The appellant's "after-discovered" evidence issue was briefed and argued on direct appeal from the judgment of sentence. The issue, involving (1) recantation of inculpatory evidence presented only at the "accomplice's" preliminary hearing and not at appellant's trial, and (2) evidence that could have been obtained at or

prior to the conclusion of appellant's trial, was decided against the appellant on direct appeal. The "after-discovered" evidence issue is without merit and no procedural relief need be afforded on the facts of this case.

Order affirmed.

SPAETH, J., concurs in the result.