394 A.2d 1271

COMMONWEALTH of Pennsylvania, Appellee,

v.

Barry D. COOKE, Appellant.

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Nov. 17, 1978.

Ross E. Cardas, Assistant Public Defender, Mercer, for appellant.

David B. Douds, Assistant District Attorney, Hermitage, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from a Judgment of Sentence imposed by the Court of Common Pleas of Mercer County following a denial of the Appellants post-trial motions.

Appellant was convicted of Robbery, Theft by Unlawful Taking and Criminal Conspiracy. On this appeal two issues are raised:

(1) That the trial court erred in permitting testimony by a police officer outside Mercer County, linking clothing to the appellant.

(2) That the trial court erred in denying appellant motions to suppress evidence because there was no probable cause to arrest appellant, there was no probable cause to search the automobile and there was no right to search the automobile without a warrant.

The facts are as follows:

The F. M. Service Station in Hermitage Township, Mercer County, Pennsylvania, was robbed on November 10, 1975. The attendant on duty that evening, John Hollobaugh, gave the Hermitage police officers a description of the two black men who robbed him, the clothes they had on and the color and model of the car in which they arrived and departed in. The Hermitage police issued an "all points bulletin" via a computer on the same day, giving the descriptions obtained from Hollobaugh. On November 24, 1975 the Butler City Police Department notified the Hermitage Police Department that two men matching the description and driving the same color and model automobile as set forth in the "all

points bulletin" of November 10, 1975 had been arrested and were being held in Butler County Jail for a robbery of a tavern in Butler on November 14, 1975. The Hermitage Township police immediately obtained photos of the appellant and his partner and subsequently in a photographic "show-up", Mr. Hollobaugh identified the pictures of the men being held in Butler Jail as the persons who had robbed the service station. On December 1, 1975 a Criminal Complaint issued charging appellant and his accomplice with robbery and conspiracy.

Appellant was subsequently indicted and prior to trial filed a suppression motion asserting that he was questioned without counsel being present, that he had been arrested pursuant to the issuance of a detainer not obtained with probable cause and as a result various photos were used at a "show-up" and he was not afforded the right of confrontation. This motion was denied and the case proceeded to a jury trial on April 21, 1976.

At trial appellant moved to suppress various items of clothing confiscated when the Butler Police arrested him. After a mid-trial hearing, the court denied this motion.

On April 22, 1976 the jury found appellant guilty of Robbery, Theft and Conspiracy. Appellant thereafter filed post verdict motions which were denied by the court and he now brings this appeal.

Appellant's first argument is grounded in his belief that the testimony of Captain Campbell of the Butler Police Department was prejudicial due to the fact that the jury could reasonably infer from the involvement of a police officer from a distant geographical area that the appellant had engaged in prior criminal activity in that area.

Here appellant was arrested in or near Grove City, Pennsylvania by Captain Campbell and Grove City Police officers, for the burglary of a tavern in Butler County. However, Captain Campbell's testimony at *this* trial made no mention of any prior crime. Indeed, after a review of Captain Campbell's direct testimony at trial (N.T. 85–87) we failed to

find any logical manner by which the jury could infer that appellant had been engaged in other criminal activity. He merely testified as to where and at what time the appellant was arrested and what evidence was seized.

We recognize that a fundamental precept of the Common Law is that the prosecution may not introduce evidence of the defendants prior criminal conduct as substantive evidence of his guilt of the present charge. *Commonwealth v. Trowery,* 211 Pa.Super. 171, 235 A.2d 171 (1967); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). We also note that neither may the Commonwealth present any evidence from which the jury *can reasonably* infer prior criminal activity. *Commonwealth v. Craft,* 455 Pa. 616, 317 A.2d 213 (1974). The appellant characterizes Captain Campbell's testimony as such that the jury could "easily and reasonably put 'two and two together' and therefore draw a prejudicial inference." (Appellant's brief pg. 10).

We think, however, that the jury would have to put "two and two together" and come up with *three* to arrive at such a conclusion based on the elicited testimony. The logical and reasonable inference is that appellant fled Mercer County after the robbery and was apprehended for the crime in Grove City. We therefore find this contention to be without merit.

Appellant next contends that the Court erred in denying his motions to suppress. Appellant filed a pre-trial motion to suppress in accordance with Pa.R.Cr.P. § 323. Appellant also orally moved to suppress certain evidence during trial. Appellant cites three reasons to support this allegation of error:

1) there was no probable cause to arrest the appellant

2) no probable cause to search the automobile

3) the search of the automobile required a warrant

Appellant's first assertion was raised in his Pre-Trial Motion to Suppress. In that motion, appellant argued that the arrest was unlawful because the detainer issued to the

Butler County Jail was issued without probable cause and therefore invalidated the arrest. Appellant now, claiming the arrest was unlawful, argues that no probable cause for the arrest existed because of the time lags between the crime and the arrest.

■ We think that appellant has waived any disposition of this argument by his failure to raise it at the suppression hearing below. In *Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975) the Supreme Court specifically overruled *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973). *Wayman,* had held that where the same "ground" was asserted at the trial and at the appellate level, that "ground" is properly preserved regardless of the fact that the "ground" was supported by different legal arguments at each level of review.

Justice Nix concluded in *Mitchell,* supra:

We are constrained to conclude that the view expressed in *Commonwealth v. Wayman,* supra is at variance with well-considered judicial policy and should be discarded. To make a distinction turn upon the fact that one is merely advancing a new theory, creates a fiction which frustrates the very purpose sought to be accomplished by a strict application of waiver. As was aptly stated by Mr. Justice Roberts speaking for this Court in *Kimmel v. Somerset County Commissioners,* 460 Pa. 381, 333 A.2d 777 (1975):

"It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court. See *Altman v. Ryan,* 435 Pa. 401, 406–7, 257 A.2d 583, 585 (1969); *Abrams Will,* 419 Pa. 92, 98, 213 A.2d 638, 641 (1965); *Fisher v. Brick,* 358 Pa. 260, 264, 56 A.2d 213, 215 (1948); *Mayer v. Chelton Avenue Building Corp.,* 321 Pa. 193, 195, 183 A. 773 (1936)." Id. at 384, 333 A.2d at 779.

We therefore consider this issue waived.

Appellant's second and third ground were asserted in the oral suppression motion at trial.

534

Under Rule 323(b) of Pa.R.Cr.P. a motion to suppress evidence must be made within 10 days of trial or be waived, unless the opportunity did not previously exist or the interests of justice require otherwise.

The trial court heard the motion to suppress and in an opinion, denied the motion.

■ Whether the opportunity did not previously exist, or the interests of justice otherwise require otherwise, is a matter for the discretion of the trial judge. *Commonwealth v. Pinno*, 433 Pa. 1, 248 A.2d 26 (1968).

It is clear that a previous opportunity clearly did exist to file the motion. Appellant was represented by counsel and while counsel may not have known of the clothes seized by the Butler County Police, the appellant knew that the police had them and surely was under a duty to tell counsel that the police seized this evidence. In addition, counsel permitted the District Attorney to produce said clothing, mark them and use them without objection and not until a police officer was called to further testify as to their seizure, was the oral motion to suppress made. Appellant clearly should have objected at the time the evidence was offered.

The Suppression Court also reviewed the circumstances of the actual seizure of the clothing and issued findings of fact thereto in his opinion.

"In reviewing this (suppression) ruling our initial task is to determine whether the factual findings are supported by the record. 'In making this determination, we are to consider only the evidence of the prosecution's witnesses and so much evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted.' *Commonwealth v. Goodwin*, 460 Pa. 516, 522, 333 A.2d 892, 895 (1975). If, when so viewed, the evidence supports the factual findings we are bound by such findings; we may only reverse if the legal conclusions drawn therefrom are in error." *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976)

We have reviewed the judge's findings in the context of appellant's claims (that there was no probable cause to search the automobile and even if probable cause did exist the police failed to get a warrant) and we agree with the disposition of the lower court and do not think the interests of justice required a hearing on the merits.

The Butler Police searched the automobile pursuant to an arrest, based on descriptions given by the victim of the crime. The Grove City Police had notified Butler that a man fitting the description the victim had given and driving a car matching the one used at the tavern hold-up, was seen in the Grove City area.

When the police spotted the car, they matched the description they had from their sources, and arrested the appellant and searched the car.

It is black letter law that warrantless searches and seizures are per-se unreasonable, subject only to a few specifically established and well-delineated exceptions. One of the well-settled exceptions is that an automobile, because of its mobility, may be searched without a warrant, if there is probable cause to believe the vehicle contains articles entitled to be seized. *Chambers v. Moroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Commonwealth v. Smith*, 443 Pa. 151, 277 A.2d 807 (1971); *Commonwealth v. Jones*, 233 Pa.Super. 461, 335 A.2d 789 (1975). In addition, the authority to search without a warrant depends upon the exigent circumstances present at the time the vehicle is stopped, *Chambers*, supra.

The exigency in *Chambers*, and in most automobile cases, which permits the police to search without a warrant, is the fact that if the police took the time to get a warrant, the automobile would be driven away, presumably out of the jurisdiction. Here, we believe, such exigent circumstances did exist. A girl was in the auto when the police arrested appellant and his partner. This girl was not taken into custody and presumably would have disposed of any contraband and evidence, had the police not searched it immediate-

ly. In our view, this justified the warrantless search of the appellant's auto.

We are of the opinion that the lower court properly denied the appellant's motion to suppress.

Judgment of Sentence Affirmed.

CERCONE, J., concurs in the result.

SPAETH, J., files a concurring opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I agree with the majority's disposition but think a comment in order on the suppression issue.

The evidence seized and introduced was a tan coat, a black coat, hat, two other hats, and a nylon stocking. At the point of the arrest, the police looked into the car and saw the tan coat, black coat, and first hat. These items were admissible under the plain view doctrine because the police were acting lawfully when they spotted the items. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The two other hats and the nylon stocking were retrieved from the trunk and the glove compartment. I do not see how these items can come in under the plain view doctrine, nor do I see how it can be said that the Commonwealth had probable cause to search for them. Nor is there any way that the admission of these three items can be justified under a theory of search incident to arrest. However, the admission, though error, does not require a new trial. The three items do not seem to have any relationship to the case; they were not mentioned in the eye witness accounts of the robbery and therefore they did not serve to identify appellant. There is not enough prejudice to justify a new trial.