396 A.2d 1340
**COMMONWEALTH of Pennsylvania**

v.

**William J. DALAHAN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided Jan. 19, 1979.

Petition for Allowance of Appeal Denied September 19, 1979.

618

Van Weiss, Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

Appellant was convicted of attempted burglary and possession of an instrument of a crime and was sentenced to 2–23 months in jail and one year probation. Post-trial motions were denied and this appeal followed.

 Appellant first asserts that this action should have been dismissed because the Commonwealth failed to try him

within 180 days of the filing of the complaint. The Commonwealth, conceding that it did not bring appellant to trial within 180 days, asserts that appellant waived his Rule 1100 rights by signing a written waiver. Appellant contends, however, that this waiver was ineffective because he really didn't understand what he was signing and even if he did, he thought its only effect would be to continue the case for a two-week period.

The waiver form signed by appellant does not appear of record, however, in the testimony at the hearing on the motion to dismiss, the District Attorney read the form signed by the appellant:

> I have been advised and I am aware of the implications and consequences of the above application. And I do not have objections to the continuance. I am further aware of my right to a prompt trial within one hundred and eighty days from the date of the complaint under Pennsylvania Rules of Criminal Procedure Rule 1100. I understand by requesting a continuance I hereby waive my rights to a prompt trial under Rule 1100. (N.T., p. 7)

Recently the Supreme Court of Pennsylvania in *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978) ruled that the following waiver form was ineffective as a waiver of Rule 1100 rights:

> "I am aware and have been advised of the implications and consequences of the above application and do not have objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause a delay in having said criminal charges disposed of by the Court." (At 477 Pa. 406, 383 A.2d 1271)

The court reasoned that this waiver form was ineffective because it did not explain what "speedy trial" meant. The form used here is almost identical, except, it explains that "prompt trial" means trial within 180 days of the filing of the complaint. This change in the waiver form, we feel, satisfied the missing ingredient of the form used in *Coleman*, supra.

The appellant also testified that he had no reading impediment and had read the form before signing. The form used can be no simpler and after a review of the testimony, we agree with the lower court that this waiver was signed knowingly and voluntarily.

■ Appellant, however, argues that even assuming he knew what he was signing, he was laboring under the false impression that the case would be continued for only two weeks while he procured the services of an attorney. The waiver form did include a note that the case would be passed for two weeks and then placed back on the trial list. However, the lower court found, after listening to the testimony at the hearing, that it was improbable that the appellant was under the impression that this would be a continuance for only two weeks, when, in fact, the appellant did not attempt to contact any attorney until at least a month later. We think that conclusion was correct based on the testimony and circumstances elicited below.

■ We recognize that since this right to a speedy trial is one guaranteed by the Constitution, the Commonwealth was under a burden of proving that the waiver of such right was intelligently made. See e. g. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

We have reviewed the testimony and the findings of the court below and conclude that the Commonwealth has satisfied its burden. The appellant's waiver was effective. His first contention is without merit.

Appellant next contends that there was insufficient evidence to support the conviction of attempted burglary and possession of the instrument of a crime.

■ In reviewing the evidence, upon a claim of insufficiency, we must examine it in the light most favorable to the Commonwealth, the verdict winner. *Commonwealth v. Smith*, 238 Pa.Super. 422, 357 A.2d 583 (1976).

The evidence in this case was entirely circumstantial. Officer Maloney of the Lower Merion Township Police Department was on a special "residential robbery" patrol and

while cruising Bala Avenue in said township at approximately 3:30 a. m. on May 17, 1976, and shining his spotlight into alleys and doorways, he observed the appellant in an alley, crouching against the wall of a building 6 to 10 feet from the street. The officer stopped, approached the appellant, and asked him what he was doing there. Appellant responded by saying that he was walking home from a party in Paoli (a distance of 15–20 miles) and had stopped because he felt sick. The officer then asked for identification and appellant produced a Pennsylvania driver's license and an automobile owner's registration card. The officer noticed that the registration was for a car owned by appellant's father and which was parked next to the alley facing in the opposite direction from the area wherein appellant resided. Further investigation revealed a partially opened window in the alley leading into a luncheonette with what appeared to be fresh "jimmy" marks across its lower end. Wood chips were also discovered on the windowsill. The officer found a tire iron a short distance away from the window leaning against the building. At the trial, the owner of the luncheonette testified that to his knowledge the window had not been recently opened.

Appellant argues that the Commonwealth's evidence merely places him at the scene of the crime and thus, is insufficient as a matter of law, to sustain his conviction.

■■ Appellant's statement of the law is entirely correct, mere presence at the scene without more, is insufficient to sustain a conviction. See *Commonwealth v. Herman*, 227 Pa.Super. 326, 323 A.2d 228 (1974). However, we believe that the logical inference to be drawn from the Commonwealth's evidence does support a finding of guilt. Appellant was discovered crouching down in an alleyway at 3:30 a. m. Immediately adjacent to him was a tire iron. The window to the luncheonette appeared to have been pried open since slivers of wood were still present on the windowsill. Appellant could not explain his presence other than to say he stopped on his way home from a party in Paoli where he had walked from (a distance of 15 to 20 miles). This was

entirely inconsistent with the presence of an automobile, owned by his father, parked nearby and to which he had a registration certificate. We believe the jury could have found beyond a reasonable doubt that appellant performed an act which constituted a substantial step toward entering a building with intent to commit a crime therein (see 18 Pa.C.S. § 901), and that the jury could have found that appellant had under his control a tire iron under circumstances not manifestly appropriate for its lawful use, with intent to employ it criminally (see 18 Pa.C.S. § 907(a).

We therefore find the evidence to be sufficient and thus this contention to be without merit.

■ Appellant's next contention is that the court erred in permitting police officers to testify that they were on a special assignment because of a rash of burglaries in the area. Appellant argues that to allow these officers to testify that they apprehended appellant while on a special assignment to thwart residential burglars was unduly prejudicial because it suggested to the jury that appellant's presence could be explained only by the fact that he must have been there to commit a burglary.

While we believe that the officers testimony as to the "special duty" they were on that night was somewhat irrelevant, we do not conclude that these statements were so "unduly prejudicial and inflammatory" as to warrant a new trial.

We believe appellant's argument is specious. If drawn to its logical end, it would require all police officers to testify in plain clothes without reference to their occupation as policemen, since according to appellant's argument, if one is caught by a policeman, whose job it is to catch wrongdoers, then obviously he must be guilty of some wrongdoing. All people are aware that the function of a policeman is to apprehend suspected wrongdoers. The fact that the policeman is on special duty to apprehend burglars and he arrests an individual who is subsequently charged with burglary, does not create a prejudicial inference with the jury that he

is any more guilty than someone who is apprehended by a "regular" police officer. We find no merit in this argument.

 Appellant next contends that the court erred when it refused to permit the appellant to examine a prior written statement of the luncheonette owner's wife for exculpatory matter. The owner's wife was not called by the Commonwealth as a witness and the District Attorney represented that the contents of the statement were non-exculpatory in nature and merely cumulative.

The appellant made no pre-trial motion for discovery under Pa.R.Cr.P. 305, but that would not bar his right to discover this during trial. *Commonwealth v. Hustler*, 243 Pa.Super. 200, 364 A.2d 940 (1976). However, we believe that *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Rule 305 do not require the Commonwealth to produce prior statements of persons who do not testify at trial. The purpose of making prior statements of witnesses available to defense counsel is so that defense counsel may uncover inconsistencies between a witness' pre-trial statements and his trial testimony. See *Commonwealth v. Rines*, 247 Pa.Super. 429, 372 A.2d 901 (1977). Additionally, the Commonwealth has certified that the statement contains no exculpatory material and the trial court is not obligated to conduct an in-camera inspection of evidence or statements in Commonwealth's possession to determine if they would exculpate appellant. *Commonwealth v. Martin*, 465 Pa. 134, 348 A.2d 391 (1975) cert. denied *Pennsylvania v. Martin*, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226. We find this assertion to be without merit.

The next contention is that the court erred in not further instructing the jury on circumstantial evidence by using an example offered by the appellant.

 When reviewing a court's charge for error, it is our duty to review all of the charge that relates to the asserted error. *Commonwealth v. Duffy*, 252 Pa.Super. 148, 381 A.2d 157 (1977). The appellant claims that the charge improperly allowed the jury to infer that his mere presence

at the scene was sufficient to prove that he committed the crimes. Appellant asserts that his proffered example would have avoided creating that inference with the jury. Appellant had requested the court to further instruct the jury with the example that if one saw fresh footprints in the snow, to say a particular person walked there, you would need the size of his foot or some connection to the imprint in the snow. The court refused, reasoning that its charge was sufficient and to add an example, after the full charge had been given, would improperly emphasize that point.

We have reviewed the court's charge as to circumstantial evidence,[1] and we find that it adequately explains the correct law as regards to circumstantial evidence and it was not error for the judge to refuse to use appellant's requested example. *Commonwealth v. Kahley*, 467 Pa. 272, 356 A.2d

---

1. The court's charge is as follows:
 "The evidence in this case is of two different types. On the one hand there is direct evidence, which is testimony of a witness from his own personal knowledge, such as something he saw or heard himself. An example of this is Sgt. Maloney's testimony that he saw the defendant in the alley. The other type is circumstantial evidence which is testimony about facts which points to the existence of other facts which are in question. An example of this is the open window with jimmy marks on the sill. Whether or not circumstantial evidence is proof of the other facts in question depends in part on the application of common sense and human experience. You should recognize that it is sometimes necessary to rely upon circumstantial evidence in criminal cases particularly where the crime was committed in secret. In deciding whether or not to accept circumstantial evidence as proof of the fact in question, you must be satisfied first that the testimony of the witness is truthful and accurate. And second, that the existence of the facts that the witness testifies to lead to the conclusion that the facts in question also happened. Circumstantial evidence alone may be sufficient to prove the defendant's guilt. If there are several pieces of circumstantial evidence, it is not necessary that each piece standing separately convince you of the defendant's guilt beyond a reasonable doubt. Instead, before you may find the defendant guilty, all the pieces of circumstantial evidence when considered together must reasonably and naturally lead to the conclusion that the defendant is guilty and must convince you of the defendant's guilt beyond a reasonable doubt. In other words, you may find the defendant guilty based on circumstantial evidence alone. But only if the total amount and quality of that evidence convince you of the defendant's guilt beyond a reasonable doubt." (N.T. of January 7, 1977 at p. 109).

745 (1976); *Commonwealth v. Newsome*, 462 Pa. 106, 337 A.2d 904 (1975).

We find no merit in this contention.

■ Appellant next asserts that the court erred in failing to grant a mistrial based upon certain opening remarks of the District Attorney. This issue, however, was not raised in appellant's post-verdict motions and hence it is waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ Similarly, we consider the last of appellant's allegations to be also waived. Appellant contends that his statements to the police at the time of arrest should have been suppressed. In appellant's brief, the following appears:

"Defendant sought to suppress these statements (Pretrial) on the grounds that the Commonwealth's method of employing them at trial tended to incriminate him. The theory of suppression relied upon here is that the statements were obtained after an illegal arrest in that no probable cause to arrest existed." (Appellant's brief, pg. 16)

This he cannot do. The appellant cannot change horses in mid-stream. The ground supporting a certain issue must remain the same at both the trial and the appellate levels. As the Supreme Court held in *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975):

We are constrained to conclude that the view expressed in *Commonwealth v. Wayman*, [454 Pa. 79, 309 A.2d 784] supra, is at variance with well-considered judicial policy and should be discarded. To make a distinction turn upon the fact that one is merely advancing a new theory, creates a fiction which frustrates the very purpose sought to be accomplished by a strict application of waiver. As was aptly stated by Mr. Justice Roberts speaking for this Court in *Kimmel v. Somerset County Commissioners*, [460] Pa. [381], 333 A.2d 777 (1975):

"It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that

was not presented to the trial court. See *Altman v. Ryan*, 435 Pa. 401, 406–7, 257 A.2d 583, 585 (1969): *Abrams Will*, 419 Pa. 92, 98, 213 A.2d 638, 641 (1965); *Fisher v. Brick*, 358 Pa. 260, 264, 56 A.2d 213, 215 (1948); *Mayer v. Chelten Avenue Building Corp.*, 321 Pa. 193, 195, 183 A. 773 (1936)." Id., 460 Pa. at [384], 333 A.2d at 779.

Judgment of sentence affirmed.

CERCONE, J., concurs in the result.

JACOBS, President Judge, files a dissenting statement in which SPAETH, J., joins.

SPAETH, J., files a dissenting statement.

This case was decided prior to the retirement of JACOBS, former President Judge.

HOFFMAN, J., did not participate in the consideration or decision of this case.

JACOBS, President Judge, dissenting.

I dissent to the majority's disposition of the Rule 1100 issue. In order to find a valid waiver, I would require that the written waiver form include the explanation that if the defendant is not tried within 180 days he shall be discharged. The defendant must be informed that that is the right he is waiving.

SPAETH, J., joins in this dissenting statement.

SPAETH, Judge, dissenting.

I join in the President Judge's dissenting statement, but add this comment on remedy. I believe we should remand for another Rule 1100(f) hearing. Although the Commonwealth did not argue that the trial was timely even without appellant's waiver, facts in the record suggest it might have been. If it was, we should affirm, for we may affirm an order for any reason supported by the record, even though that reason was not argued below. *Commonwealth v. Shoatz*, 469 Pa. 545, 366 A.2d 1216 (1976); *Commonwealth v. Ditmore*, 242 Pa.Super. 248, 363 A.2d 1253 (1976).

Reports of cases decided by the Superior Court in which the order, decree, judgment or decision of the court below was affirmed or otherwise disposed of without opinion or without extended opinion.