J-A13037-16

2016 PA Super 184

| SHARLEEN M. RELLICK-SMITH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BETTY J. RELLICK AND KIMBERLY V. VASIL | |
| Appellees | No. 1105 WDA 2015 |

Appeal from the Order entered June 22, 2015
in the Court of Common Pleas of Indiana County
Orphans' Court at No. 32-14-0490

BEFORE:  OLSON, STABILE and MUSMANNO, JJ.

DISSENTING STATEMENT BY OLSON, J.:          **FILED AUGUST 22, 2016**

In a well-reasoned Opinion, the learned Majority correctly concludes that Rellick-Smith has standing to pursue her claims as a beneficiary.  In my view, however, Rellick-Smith waived any argument that she is a beneficiary.  Therefore, in my view we are constrained to affirm the Orphans' Court's order.  Accordingly, I respectfully dissent.

It is axiomatic that "we will not reverse a judgment or decree on a **theory** that was not presented to the trial court."  ***Kimmel v. Somerset Cty. Comm'rs***, 333 A.2d 777, 779 (Pa. 1975) (emphasis added; citations omitted).  In this case, Rellick-Smith did not present a beneficiary theory to the Orphans' Court.  In her answer to the Defendants' motion to dismiss, Rellick-Smith argued, in three locations, that she was not a beneficiary of the Totten trust.  ***See*** Rellick-Smith's Answer to Motion to Dismiss, 3/3/15,

at ¶¶ 1, 2, 3. In her brief before this Court, Rellick-Smith emphasizes that she did not present a third-party beneficiary theory to the Orphans' Court. *See* Rellick-Smith's Brief at 13.[1]

As our Supreme Court explained, "where the parties fail to preserve an issue for appeal, the Superior Court may not address the issue, even if the disposition of the trial court was fundamentally wrong." ***Danville Area Sch. Dist. v. Danville Area Educ. Ass'n, PSEA/NEA***, 754 A.2d 1255, 1259 (Pa. 2000) (citation omitted). In this case, the Orphans' Court's decision was fundamentally wrong; however, Rellick-Smith made a strategic decision to not present a third-party beneficiary theory to the Orphans' Court. As such, she waived any claim that she is a beneficiary and I would affirm the Orphans' Court order. Therefore, I respectfully dissent.

---

[1] Although the term "third-party beneficiary" does not appear in the learned Majority's Opinion, it is evident from the learned Majority's reasoning that they rely on a third-party beneficiary theory to find that Rellick-Smith has standing. *See* Majority Opinion, *ante* at 10-12. Other courts have explicitly relied upon a third-party beneficiary theory in addressing Totten trusts. ***E.g. Estate of Morton***, 769 P.2d 616, 620 (Kan. 1987) (A Totten trust's "beneficiary's claim to the proceeds of the account is based on a third-party beneficiary theory."). Thus, in my view the learned Majority reverses the Orphans' Court on a theory that Rellick-Smith waived.