J-S25019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEI KE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN FRY, JENNIFER HAMILTON, | : | No. 2587 EDA 2016 |
| AMY FUCHS, SAMUEL PARRISH, | : | |
| RICHARD HOMAN, MARIANNE SAHAR | : | |
| (ON BEHALF OF ANTHONY SAHAR, | : | |
| DECEASED), JOHN DALTON, JOSEPH | : | |
| SALOMONE, BARBARA SCHINDLER, | : | |
| EUGENE HONG AND JOHN | : | |
| GYLLENHAMMER | : | |

Appeal from the Order August 10, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 2073 January Term, 2016

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 15, 2017**

Lei Ke, Appellant, appeals from the order entered August 10, 2016, which granted Appellees' preliminary objections and dismissed Appellant's complaint.  We affirm.

The relevant facts are as follows:

[Appellant] matriculated at Drexel University School of Medicine in August 2007, at which time he received a copy of the 2006 Student Handbook.  According to [Appellant], the contents of the 2006 Student Handbook are a contract that sits at the center of [Appellant]'s claims in the case *sub judice*.  The Student Handbook provides that a grade of "U", or unsatisfactory, is considered a failing grade while a grade of "MU," or marginally unsatisfactory, is an interim grade used to show a student is in danger of failing, but allows the student an opportunity to

remediate the grade. During his second year of medical school, [Appellant] failed four courses, receiving grades of "U" in each course. [Appellant] alleges that rather than allowing him to take "makeup exams without paying extra tuition and fees," Drexel Medicine made him repeat the failed courses, at a cost of $38,893.24. Additionally, Drexel Medicine, through Dean of the Medical School Dr. Richard Homan, presented [Appellant] with the "2009 letter," which provided that if he failed any clinical course, he would be dismissed from the school. [Appellant] repeated the four courses and passed, at which time he was to proceed into clinical rotations.

[Appellant] took the Step 1 United States Medical Licensing Examination ("Step 1") in September 2010 and commenced his family medicine clinical rotation, performing his clerkship with Dr. Anthony Sahar at Dr. Sahar's office in Long Branch, New Jersey; [Appellee] Dr. John Dalton also supervised [Appellant] during the clerkship. Although [Appellant] received what he deemed "a shining evaluation" at the midpoint of his clerkship, Dr. Sahar ultimately failed [Appellant] for the clerkship. [Appellant] alleges he received a "U" in this clerkship due to Dr. Sahar's prejudice against [Appellant]'s ethnicity and because Dr. Sahar misinterpreted a question asked by [Appellant] in front of a patient as a challenge to Dr. Sahar's authority and medical judgment. [Appellant] also failed the required shelf exam following his clerkship with Dr. Sahar; as a result, [Appellant] failed the entire family medicine clinical rotation. During his family medicine clerkship, [Appellant] learned he also failed the Step 1 exam. [Appellant] re-took the Step 1 exam in early 2011.

Meanwhile, [Appellant] appealed his grade in the clerkship to [Appellee] Dr. Jennifer Hamilton, the director of the Drexel Medicine Family Medicine Clerkship program. Dr. Hamilton refused to change [Appellant]'s clerkship grade from "U" to "MU." [Appellant] then appealed Dr. Hamilton's decision to [Appellee] Eugene Hong, Chairman of the Family Medicine Department at Drexel University School of Medicine. Dr. Hong refused to change [Appellant]'s grade. [Appellant] appealed Dr. Hong's decision to [Appellee] Dr. Barbara Schindler, Vice Dean of Education and Academic Affairs at Drexel Medicine. Although Dr. Schindler refused to change [Appellant]'s grade, she allowed him to repeat the family medicine clinical rotation, including the clerkship. Accordingly, even though he failed the Step 1 exam, the family medicine clerkship, and the shelf exam, Drexel

Medicine did not dismiss [Appellant]; rather, [Appellant] was again permitted the opportunity to re-take all of the courses and exams he failed.

Prior to [Appellant] starting his OB/GYN clerkship in February 2011, [Appellee] Drexel Medicine, through [Appellee] Dr. Amy Fuchs, Associate Dean of Academic Affairs, presented [Appellant] with "the February 2011 letter" which imposed several additional conditions on Plaintiff if he wished to remain enrolled at the school.  These conditions included that he must complete all of his remaining clerkships in the Philadelphia area, and that any grade less than "Satisfactory," including a grade of "U" or "MU," would result in his dismissal from Drexel Medical School. Although [Appellant] passed his OB/GYN clerkship, he failed his OB/GYN shelf exam; as a result, [Appellant] received a "MU" grade in the OB/GYN clinical rotation, Drexel Medicine dismissed [Appellant] from the medical school.  [Appellant] pursued all available appeals, without success.

Trial Court Opinion, 10/24/16, at 4-5 (unpaginated) (footnotes omitted).

In September 2011, Appellant filed a complaint with the Pennsylvania Human Relations Commission to be reinstated at Drexel University College of Medicine ("Drexel Medicine").  Appellant then filed a complaint with the Department of Education, Office of Civil Rights seeking reinstatement.  In November 2011, Appellant filed a complaint in the United States District Court for the Eastern District of Pennsylvania, alleging a racially motivated breach of contract in violation of 42 U.S.C. § 1981(b).  The District Court denied Appellant's summary judgment motion and granted the Appellee's cross-motion for summary judgment.  *Ke v. Drexel Univ. et al.*, 2015 WL 5316492 (unreported opinion) (E.D. Pa. 2015).  In March 2016, the United States Court of Appeals for the Third Circuit affirmed the District Court's judgment, and the United States Supreme Court denied certiorari and

Appellant's request for a hearing. ***Ke v. Drexel Univ. et. al.***, 645 F. App'x. 161 (3d. Cir. 2016), *cert. denied,* 137 S. Ct. 384 (2016), *reh'g denied,* 137 S. Ct. 720 (2017).

In January 2016, Appellant commenced this action by filing a writ of summons against Appellees. In March 2016, Appellant filed a complaint alleging several violations of the Unfair Trade Practice and Consumer Protection Law. ("UTPCPL"). Appellant's basic assertion was that Drexel Medicine violated the UTPCPL in fraudulently modifying the terms of the 2006 Student Handbook. Appellees filed preliminary objections asserting that Appellant's claims were barred by the doctrines of collateral estoppel, *res judicata* and *lis pendens* based on the rulings of the United States District Court and United States Court of Appeals for the Third Circuit. In August 2016, the court sustained Appellees' preliminary objections and dismissed Appellant's complaint.

Appellant timely filed a court-ordered Pa. R.A.P. 1925(b) statement. In his 1925(b) statement, Appellant generally challenges the August 10, 2016, order relying on Pa.R.A.P. 1925(b)(4)(vi):

> If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the statement will not be grounds for finding waiver.

The trial court issued a responsive opinion.

Appellant raises the following issues for our review:

1. Whether an invalid "final judgment" on federal questions in federal courts bars a litigant's state action predicated on state causes of action.

2. Whether collateral estoppel requires the specification of the issue to be precluded.

3. Whether unfair and deceptive educational services are actionable under the UTPCPL.

Appellant's Brief at 4.[1]

Appellant asserts a breach of contract claim alleging that Appellees violated the UTPCPL in fraudulently modifying the terms of the 2006 Student Handbook. Appellant appeals from the order granting Appellee's preliminary objections and dismissing his complaint. Our scope of review over a trial court's decision to sustain a litigant's preliminary objections is well-settled:

> Our standard of review mandates that on an appeal from an order sustaining preliminary objections which would result in the dismissal of suit, we accept as true all well-pleaded material facts set forth in the Appellant['s] complaint and all reasonable inferences which may be drawn from those facts. This standard is equally applicable to our review of PO's in the nature of a demurrer. Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear

---

[1] The first matter argued in Appellant's brief is not contained in his statement of issues, nor in his generalized 1925(b), which challenges the August 10, 2016 order. Rather, the argument refers to Appellant's preliminary objections denied by the trial court on June 14, 2016. Appellant's Brief at 21. Matters raised for the first time on appeal are not properly preserved for appellate review and will not be considered. **See Kimmel v. Somerset Cty. Cmm'r**, 333 A.2d 777, 779 (1975). Accordingly, we conclude that this issue has not been preserved for our review.

with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objection.

We review for merit and correctness – that is to say for an abuse of discretion or an error of law. This case was dismissed at the preliminary objections stage on issues of law, our scope of review is thus plenary.

*Reardon v. Allegheny College*, 926 A.2d 477, 480 (Pa. Super. 2007) (citation omitted).

The first and second issues raised in Appellant's statement of issues, addressed in Sections II A and II B of Appellant's brief, both concern the doctrine of collateral estoppel.[2] We will address them together, as they are dispositive and accordingly we will not address Appellant's third issue. To determine whether Appellant's claim is barred by collateral estoppel we must evaluate the following factors:

(1) The issue decided in the prior case is identical to one presented in the later case;

(2) There was a final judgment on the merits;

(3) The party against whom the plea is asserted was a party or in privity with a party in the prior case;

---

[2] We need not address Appellant's arguments in detail. Appellant suggests that collateral estoppel does not apply here because this Court is not bound by federal judgments and because numerous exceptions to the doctrine apply. To the contrary, federal judgments are owed their due force and full effect in state courts. *In Re Stevenson*, 40 A.3d 1212, 1222 (Pa. 2012). Further, there are no exceptions to the doctrine relevant here.

> (4)    The party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and
>
> (5)    The determination in the prior proceeding was essential to the judgment.

*Catroppa v. Carlton*, 998 A.2d 643, 646 (Pa. Super. 2010).

The doctrine of collateral estoppel "operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit." *Day v. Volkswagenwerk Aktiengesellschfat*, 464 A.2d 1313, 1318 (Pa. Super. 1983). In the instant matter, the doctrine was properly applied. Each of the factors will be addressed below.

Appellant first raised his breach of contract claim in the United States District Court for the Eastern District of Pennsylvania, asserting that his dismissal from Drexel Medicine was a racially motivated breach of contract. The contract at issue was the 2006 Student Handbook. The court rejected Appellant's claim, granting Appellee summary judgment. On appeal, the Third Circuit held that:

> [Appellant]'s contract with [Drexel Medicine] had been modified by the conditions imposed by the Dean on his initial re-enrollment, and the conditions imposed by the Promotion Committee after receiving a "U" in the Family Medicine clinical. [Appellant] accepted those conditions each time by re-enrolling or continuing his enrollment at [Drexel Medicine]. Thus, [Appellant] was subject to the more stringent condition that an "MU" was sufficient for his dismissal. And we do not find any evidence in the record that racial animus, either direct or circumstantial, motivated the imposition of those conditions.

- 7 -

***Ke v. Drexel Univ. et. al.***, 645 F. App'x. at 165 (Concluding that the 2016 Student Handbook contract was not breached, as its terms were modified in 2009 and 2011).

Despite the fact that Appellant is now presenting his claim as a violation of the UTPCPL, the underlying issue is the same. In the instant case Appellant asserts that "his single MU grade in his repeat second year would not warrant his expulsion under the 2006 Student Handbook." Appellant's Reply Brief at 3. Thus, his underlying claim here is that he was dismissed in violation of the terms set forth in the 2006 Student Handbook, and thus Drexel Medicine was in breach of contract. This first factor has already been resolved by the federal courts in favor of Appellee.

The second factor; that final judgment in the previous action was rendered on the merits of the issues has also been met. A judgment is deemed final for purposes of collateral estoppel unless or until it is reversed on appeal. ***See Shaffer v. Smith***, 673 A.2d 872 (Pa. 1996). Appellant filed a complaint in the United States District Court in the Eastern District of Pennsylvania, which denied Appellant's summary judgment motion and granted Appellees' cross-motion for summary judgment. Appellant then filed an appeal to the Third Circuit, which affirmed the district court's ruling, and the United States Supreme Court denied certiorari. ***Ke v. Drexel Univ. et. al.***, 645 F. App'x. 161 (3d. Cir. 2016), *cert. denied,* 137 S. Ct. 384 (2016), *reh'g denied*, 137 S. Ct. 720 (2017).

The third factor has been met as Appellant was a party to both actions. The fourth factor; that the party against whom the defense is raised must have had a full and fair opportunity to litigate the issue was also met. Here, Appellant initiated the complaint in federal court, litigated his claim, and summary judgment was awarded. Further, the Third Circuit affirmed on appeal, and the U.S. Supreme Court denied further review. *Id.*

Finally, the determination in the federal action was essential to the judgment thus satisfying the fifth factor. The Court found that Appellant's breach of contract claim was without merit, reasoning that:

> [Appellant] argues that the Student Handbook allowed him to remediate a grade of "MU," and thus he should not have been dismissed for the "MU" in his OB/GYN clerkship. But [Appellant]'s contract with DUCOM had been modified by the conditions imposed by the Dean on his initial re-enrollment, and the conditions imposed by the Promotion Committee after receiving a "U" in the Family Medicine clinical. [Appellant] accepted those conditions each time by re-enrolling or continuing his enrollment in DUCOM. Thus, [Appellant] was subject to the more stringent condition that a "MU" was sufficient for his dismissal. And we do not find any evidence in the record that racial animus, either direct or circumstantial, motivated the imposition of those conditions.

*Ke v. Drexel et. al.*, 645 F. App'x. at 165.

It is clear that all issues have been litigated and determined finally; and Appellant cannot relitigate them in this action. Thus, the trial court properly granted Appellees' preliminary objections.

Application for relief is granted.[3]  Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2017

---

[3] On April 21, 2007, Appellant filed an application for relief, seeking leave to file an addendum to his appellate brief.  We grant Appellant's motion for relief; however, the addendum is nonsensical and does not alter the court's opinion.