J-S53022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WESLEY WILLIAM NACE, | |
| Appellant | No. 2054 MDA 2015 |

Appeal from the Judgment of Sentence June 17, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001520-2014

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2016**

Appellant, Wesley William Nace, appeals from the judgment of sentence entered on June 17, 2015, in the Lebanon County Court of Common Pleas.  We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On March 24, 2015, [Appellant] first listed his case for trial.  At that time, the case was continued by the Commonwealth until April 21, 2015.  On May 4, 2015, a jury was selected for [Appellant's] case.  Following jury selection, however, [Appellant] filed an Omnibus Pre-Trial Motion to Suppress Evidence, Dismiss Charges and Make Available Copies of his Probation File. We permitted both [Appellant] and the Commonwealth to go to the Lebanon County Probation

---

[*]  Former Justice specially assigned to the Superior Court.

Department and review the file. However, we found [Appellant's] Suppression Motion to be untimely.

At trial, the jury heard testimony from Adult Probation Officers (APOs) Daniel Marshall and James Doty. Both APOs testified that on April 15, 2014, [Appellant] was on active supervision with their department. As part of this supervision, a routine search of [Appellant's] home was conducted. During the search, the APOs noted a blackcap and plastic bag that both contained white residue on top of [Appellant's] dresser. They testified that both items are commonly used to package or to ingest drugs. Based on their training and experience, they believed that white residue was likely a controlled substance. The items were turned over to the Lebanon City Police Department and sent out for forensic testing at the Pennsylvania State Police Harrisburg Regional Laboratory. By way of stipulation, the lab report was admitted into evidence and confirmed the residue as Cocaine, a Schedule II Controlled Substance.

On May 8, 2015, the jury returned a guilty verdict [one count of possession of drug paraphernalia]. On June 17, 2015, we sentenced [Appellant] to pay the costs of prosecution and a fine and to serve fifteen days to one year in the Lebanon County Correctional Facility. On June 19, 2015, [Appellant] filed a timely Consolidated Post-Sentence Motion, wherein he contested the weight and sufficiency of the evidence. He also argued that his Pre-Trial Motion should have been considered timely. Finally, [Appellant] argued that we abused our discretion when sentencing him.

Trial Court Opinion, 10/20/15, at 2-3. The trial court denied Appellant's

post-sentence motions on October 20, 2015, and this timely appeal followed.

Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[1]

_____

[1] While the trial court did not file an additional opinion after Appellant filed his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court did file an order stating that the issues presented in Appellant's Pa.R.A.P. 1925(b) statement were addressed in the trial court's earlier

*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issues for this Court's consideration:

I. Did the Commonwealth fail to present sufficient evidence at trial to prove beyond a reasonable doubt that Appellant possessed drug paraphernalia?

II. Did the Lower Court err by denying Appellant's pretrial motion to suppress evidence as untimely without conducting a hearing at which testimony would have been presented regarding the timeliness of Appellant's pretrial motions where the alleged untimeliness of Appellant's pretrial motion was caused by the Commonwealth's failure to provide timely discovery?

Appellant's Brief at 4. We shall address these issues in the order in which they were presented.

Appellant's first issue raises a challenge to the sufficiency of the evidence.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in

_(Footnote Continued)_ _____

opinion filed on October 20, 2015. Order, 12/23/15. Accordingly, the trial court satisfied the requirements of Pa.R.A.P. 1925(a)(1).

- 3 -

applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Brown***, 23 A.3d 544, 559-560 (Pa. Super. 2011) (citation omitted).

Here, Appellant is challenging his conviction for possessing drug paraphernalia. Specifically, Appellant alleges that the Commonwealth failed to prove that he had the intent to possess the paraphernalia. Appellant's Brief at 10. Possession of drug paraphernalia is defined in the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-101 *et seq.*, as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

* * *

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(a)(32).

We note that the paraphernalia was not found on Appellant's person, and therefore, the Commonwealth was required to prove constructive

possession. ***Commonwealth v. Estepp***, 17 A.3d 939, 944 (Pa. Super. 2011).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012) (internal quotation marks and citation omitted).

The Commonwealth established that, while conducting a search of Appellant's room, the probation officers saw a plastic cap and plastic baggie containing suspected cocaine residue. N.T., 5/8/15, at 18. The residue was later determined to be cocaine. *Id*. at 39-40. The plastic cap and baggie were seen sitting atop Appellant's dresser in plain sight, and while Appellant lived with his parents, Appellant was the only occupant of his bedroom and the only person who accessed the bedroom. *Id*. at 20, 27. Additionally, because the plastic cap and baggie were sitting in the open on his dresser, it was wholly reasonable for the jury to conclude that the paraphernalia was not mislaid or unknown to Appellant. Under the totality of the circumstances, the evidence was sufficient to establish Appellant had the power to control and the intent to possess and use the paraphernalia. ***Brown***, 48 A.3d at 430. When viewed in the light most favorable to the

Commonwealth as the verdict winner, we conclude that the evidence supports Appellant's conviction for possession of drug paraphernalia. Accordingly, no relief is due.

In his second issue on appeal, Appellant avers that the trial court erred by denying his suppression motion as being untimely. Appellant argues that the motion was filed late due to the Commonwealth's failure to provide discovery. Appellant's Brief at 10.

At the outset, we note that Pa.R.Crim.P. 579 and 781 provide the time in which pretrial motions, including suppression motions, are to be filed, and that time may be extended in the interests of justice. The "interests of justice" exception provides the trial court discretion to excuse a party's tardy presentation of a suppression motion. *Commonwealth v. Johonoson*, 844 A.2d 556, 561 (Pa. Super. 2004). On appeal, we review the trial court's decision on these matters for an abuse of discretion. *Id*.

In the case at bar, the trial court aptly addressed this issue as follows:

> The Pennsylvania Rules of Criminal Procedure permit a criminal defendant to file an Omnibus Pretrial Motion For Relief within 30 days following arraignment. Pa.R.Crim.P. 579(A). The 30 day deadline applies "unless opportunity therefore did not exist, or the Defendant or his counsel was not aware of the grounds for the motion." Pa.R.Crim.P. 579(A). The "interest of justice" exception to the time deadline governing the filing of pretrial motions provides a Judge with discretion to excuse a party's tardy presentation of such a motion; it does not *require* the Judge to always excuse tardiness. *Commonwealth v. Johonoson*, 844 A.2d 556 (Pa.Super. 2004). The decision of whether or not to declare a pretrial motion untimely is a matter for the discretion of the Trial Judge. *Commonwealth v. Cooke*, 394 A.2d 1271 (Pa.Super. 1978).

In this case, [Appellant] waived his formal arraignment on October 1, 2014. The waiver of arraignment form signed by [Appellant] clearly communicated the deadline for filing an Omnibus Pretrial Motion. Thereafter, [Appellant's] counsel received police reports from the District Attorney's Office as part of an informal discovery request. The Criminal Complaint and the police reports communicated that Adult Probation Officers were involved in discovering the contraband inside [Appellant's] residence. Despite this fact, [Appellant] did not file a motion seeking a copy of any reports generated by the Probation Department, nor did [Appellant] even submit a request to the District Attorney's Office for additional information.

[Appellant's] case was ultimately listed for trial during the May 2015 term of court. On May 4, 2015, a jury was selected for [Appellant's] case and trial was scheduled for May 8, 2015. One day prior to the trial, [Appellant] filed an Omnibus Pretrial Motion For Relief. In his motion, [Appellant] argued that he did not have access to the Lebanon County Probation file and thus he should be permitted to file a tardy Omnibus Pretrial Motion.

In considering [Appellant's] Motion, we examined the discovery file that was provided by the Commonwealth to [Appellant]. The initial police report authored by Sergeant Sims of the Lebanon City Police Department contained information summarizing the search and what was located as a result thereof. The police report, together with the Affidavit of Probable Cause attached to the Criminal Complaint, clearly apprised [Appellant] that the initial search and discovery of contraband was completed by the Lebanon County Probation Department. Had [Appellant] wanted copies of the Probation Department files, or had [Appellant] wanted to challenge the propriety of a search by Probation Officers, he clearly could have filed a Motion far earlier.

As it is, [Appellant's] extremely late Pretrial Motion placed this Court in a procedural bind. By the time [Appellant] filed his Motion, a jury had already been selected. When the Court received [Appellant's] Motion, it was already too late to contact the jurors in order to prevent or delay their appearance.[1] Simply stated, there was no time for us to conduct a pretrial hearing without canceling the scheduled trial. Given that the lateness of the Pretrial Motion was entirely caused by the failure of [Appellant] and/or his counsel to evaluate their options more

promptly, we were unwilling to pull the rug out from under the trial that was about to start mere hours after the Pretrial Motion had been filed.

> [1] Twelve jurors and two alternates inconvenienced themselves by taking off work and/or leaving their daily routines in order to be a part of the criminal justice process. Our system relies upon the cooperation of citizens who are summoned to serve as jurors. If we were to routinely force jurors to rearrange their schedules only to say "never mind" after they arrived at the courthouse, [it] would be unfair to those citizens who voluntarily agreed to fulfill their civil responsibility to serve as jurors. Simply stated, we are loathe to treat jurors in the manner requested by [Appellant].
>
> This Court did not err by exercising its discretion to deny [Appellant's] last-second, eve-of-trial Omnibus Pretrial Motion that could and should have been filed far earlier in time. Under Pa.R.Crim.P. 579(A), we rendered an appropriate decision that should not be reversed by the Pennsylvania Superior Court.

Trial Court Opinion, 10/20/15, at 6-9 (emphasis in original).

We agree with the trial court. The discovery materials provided by the Commonwealth informed Appellant that the search of his residence was conducted by the Adult Probation Department. Appellant failed to take any action in this matter and did not pursue a suppression motion until the eve of trial. Thus, we discern no abuse of discretion in the trial court's decision to deny such a tardy motion.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016