J-S29029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS DANO JR. | : | |
| | : | |
| Appellant | : | No. 210 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 30, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000597-2020

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: November 27, 2024**

Appellant, Nicholas Dano Jr., appeals *nunc pro tunc* from the judgment of sentence entered in the Mercer County Court of Common Pleas, following his jury trial convictions for sexual abuse of children and criminal use of communication facility.[1]  We affirm.

The trial court opinion set forth the relevant facts of this appeal as follows:

> [O]n December 13, 2019, the Pennsylvania State Police received a report from The National Center for Missing and Exploited Children ("NCMEC") that, on December 12, 2019, someone in the City of Sharon, Mercer County, had accessed images on Google that included child pornography.  State Police notified the Sharon Police Department, which investigated the particular Internet Service Provider ("ISP") through which the person viewing these images had accessed the Internet.

---

[1] 18 Pa.C.S.A. §§ 6312(d) and 7512, respectively.

The ISP provided the Sharon Police with the physical address for the router that had been used to access the Internet to view those images. When police interviewed the woman who owned the router in question, she noted that her wireless router had been unsecured (*i.e.*, access to the router was not password-protected), and anyone within the router's wireless range could have used the router to access the Internet. [Appellant] and his roommate, Keith Price, lived in the apartment above this woman.

The Sharon Police Department obtained two separate search warrants: 1) a December 31, 2019 warrant for [Appellant's] apartment … and 2) a January 3, 2020 warrant for [Appellant's] vehicle….

At the time of the search, [Appellant's] vehicle was located on the property of a man named Gregory Barbalachi. Mr. Barbalachi gave his consent to the Sharon Police to remove the vehicle from his property. The search of the vehicle revealed (among other things) two cell phones, a journal with login information to those phones, and notes on what appear to be how to search for child pornography. Mr. Barbalachi later testified that, at the direction of [Appellant], Mr. Barbalachi had removed these items from [Appellant's] apartment, placed them in [Appellant's] vehicle, and drove the vehicle to Mr. Barbalachi's property.

The Sharon Police Department then obtained a March 4, 2020 warrant … to search the contents of the two cellphones under Sharon PD case #19-20528, seeking data including but not limited to "incoming and outgoing call logs, MMS and SMS text messages, internet history, subscriber/owner information for each phone, emails, maps/GPS/location services, photos, videos, any and all data stored in an application on either phone along with any other data contained in each phone."

The Pennsylvania State Police then extracted all the above-described data from the phones. Included in the programs and data on the phones were applications named Gallery Vault and Photo Vault. Their programs and their data were encrypted and password-protected. After the police defeated the encryption, they discovered several images of

child pornography, including several of the images that had been referenced in the NCMEC report.

(Trial Court Opinion, filed 3/5/24, at 2-4) (record citations omitted).

On July 24, 2020, the Commonwealth filed a criminal information charging Appellant with sexual abuse of children (possession of child pornography) and criminal use of a communication facility. The court scheduled Appellant's arraignment for July 28, 2020, which Appellant subsequently waived. Thereafter, Appellant did not immediately file an omnibus pretrial motion.[2] Instead, Appellant filed a *nunc pro tunc* suppression motion on July 16, 2021. In it, Appellant argued that the police created an "unreasonable delay" in applying for the warrants to search Appellant's cell phones. (*Nunc Pro Tunc* Motion, filed 7/16/21, at 2) (unnumbered). That same day, the Commonwealth filed a motion to quash the *nunc pro tunc* motion as untimely. The trial court granted the Commonwealth's motion by order dated July 19, 2021.

Appellant's jury trial commenced on July 20, 2021. Prior to the jury entering the courtroom, however, trial counsel made an oral motion to suppress the data from Appellant's cell phones due to overbroad search

---

[2] "Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A).

warrants. (**See** N.T. Trial, 7/20/21, at 3). The court permitted the parties to argue the matter before denying the motion as meritless.[3] (**Id.** at 3-6). At the conclusion of the Commonwealth's case-in-chief, Appellant moved a judgment of acquittal due to insufficient evidence. (**See** N.T. Trial, 7/21/21, at 111-12). The court denied Appellant's motion and proceeded with its jury charge. Ultimately, the jury convicted Appellant of both counts. The court deferred sentencing and ordered Appellant to undergo an evaluation with the Pennsylvania Sexual Offender Assessment Board ("SOAB").

The court conducted Appellant's sentencing hearing on November 30, 2021. At that time, the court received testimony from the SOAB evaluator, Brenda Manno, who opined that Appellant satisfied the criteria to be designated as a sexually violent predator ("SVP"). (**See** N.T. Sentencing Hearing, 11/30/21, at 20). In preparing her opinion, Ms. Manno reviewed Appellant's criminal history. Ms. Manno noted that Appellant had entered a guilty plea to possession of child pornography in Washington County in 1999.

---

[3] "Unless the opportunity did not previously exist, or the interests of justice otherwise require, [a suppression] motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578." Pa.R.Crim.P. 581(B). "Whether the opportunity did not previously exist or the interests of justice otherwise require is a matter for the discretion of the trial judge." **Commonwealth v. Long**, 753 A.2d 272, 279 (Pa.Super. 2000) (quoting **Commonwealth v. Cooke**, 394 A.2d 1271, 1274 (Pa.Super. 1978)). "A trial judge should exercise discretion to hear an untimely oral suppression motion on this basis in such situations where the merits of counsel's oral motion were so apparent that justice required it be heard." **Id.** at 280 (internal quotation marks and citation omitted).

(*Id.* at 14).  Regarding this prior offense, Ms. Manno stated:

> I reviewed records and additional statements made by the assistant district attorney of Washington County as well as the arresting officers.  They indicated … that there was an escalation of behavior with [Appellant]; that he initially engaged in voyeurism, and then he was planning on raping a child victim.
>
> *    *    *
>
> He told a co-defendant that he was tired of looking … at children, and that he wanted to videotape them.  He had tried to get that person to steal equipment so he would be able to videotape at night.

(*Id.* at 14-15).[4]  At the conclusion of the hearing, the court designated Appellant as an SVP and imposed an aggregate sentence of twenty-five (25) to fifty (50) years' imprisonment.  The sentence included a mandatory minimum term for a "second-strike" sex offender, pursuant to 42 Pa.C.S.A. § 9718.2.

Despite having counsel of record, Appellant filed a *pro se* post-sentence motion on December 6, 2021.  Thereafter, Appellant filed several additional *pro se* motions.  The court denied Appellant's *pro se* filings, and counsel timely filed a notice of appeal on Appellant's behalf.  On August 29, 2022, this Court dismissed the appeal due to Appellant's failure to file a brief.

---

[4] After Ms. Manno's testimony, the Commonwealth introduced records pertaining to Appellant's 1999 guilty plea and sentence as Exhibit 3.  (*See* N.T. Sentencing Hearing at 49-50).  Nevertheless, the exhibits from the sentencing hearing are not a part of the certified record on appeal.

Appellant timely filed a *pro se* Post Conviction Relief Act ("PCRA")[5] petition on April 27, 2023. The court appointed current counsel on July 14, 2023. On November 28, 2023, the court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant timely filed a notice of appeal *nunc pro tunc* *on* December 14, 2023. On January 8, 2024, Appellant voluntarily filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant now raises four issues for this Court's review:

> Whether the trial court erred in denying Appellant's motion to suppress evidence when the Commonwealth failed to obtain a separate search warrant for the password-protected material on the cellphones seized from Appellant's vehicle?

> Did the trial court's admission of the list of websites (Exhibit 17) and movies (Exhibit 18) from the notebook seized from [Appellant's] vehicle—which included sexually-suggestive titles but which the Commonwealth admitted it had not examined or investigated—unfairly prejudice [Appellant] and improperly lead to his conviction?

> Did the trial court err by failing to grant judgment [of acquittal] due to the insufficiency of the evidence admitted?

> Did the trial court err by enhancing [Appellant's] sentence based on [Appellant's] 1999 conviction and thereby violating [Appellant's] rights by sentencing [Appellant] as a second-strike offender and imposing the mandatory 25-year sentence of imprisonment?

(Appellant's Brief at 8).

In his first issue, Appellant acknowledges that the Commonwealth

---

[5] 42 Pa.C.S.A. §§ 9541–9546.

obtained warrants to search for his cell phones and to download data from the phones. Appellant insists, however, that the warrants "did not discuss the right to search protected areas on the phone or even authorize the Commonwealth to overcome such password protections." (*Id.* at 16). Absent a detailed request to search specific cell phone applications that contained photos, Appellant argues that the Commonwealth conducted illegal searches of the password-protected applications on his cell phone. Once the Commonwealth discovered these password-protected cell phone applications, Appellant maintains that the Commonwealth should have sought an additional search warrant before opening the applications. "Additionally, given the importance that Article I, Section 8 places on an individual's privacy, a citizen's locked property should not be subject to 'brute force' attempts to overcome the method used to protect that privacy." (*Id.* at 19). Appellant concludes that the Commonwealth illegally obtained the evidence discovered from his cell phones, and this Court must overturn his convictions on this basis. We disagree.

Preliminarily, we observe that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Moreover, appellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." ***Commonwealth v. Little***, 903 A.2d 1269, 1272-73 (Pa.Super. 2006). Thus, "the failure to raise

a suppression issue prior to trial precludes its litigation … on appeal." ***Commonwealth v. Douglass***, 701 A.2d 1376, 1378 (Pa.Super. 1997).

Instantly, trial counsel made an oral motion to suppress the data from Appellant's cell phones due to overbroad search warrants. Counsel specifically raised the following argument:

> Here, the Sharon Police Department were specifically looking for images of child pornography based upon the balance of their search warrant. Not only did they request to find images, they also were requesting call logs, as well as—incoming and outgoing call logs for each phone; GPS location services, which had already previously been done on the search warrant; and any and all other data stored on the phone.
>
> The cases have stated that it appears to be a form that was copied and pasted. And while that's a good starting point, they must be specific in their search warrant for what they're looking for. And so that's the basis of the reason for suppression, that the search warrant was overbroad within the four corners of the document.

(N.T. Trial, 7/20/21, at 3-4).

Assuming the court permitted Appellant to raise this otherwise untimely suppression claim in the interests of justice, pursuant to Rule 581(B), trial counsel did not raise any argument regarding the need for the Commonwealth to obtain an additional warrant before inspecting the password-protected applications on Appellant's cell phones. Likewise, such an argument did not appear in Appellant's *nunc pro tunc* suppression motion. (***See*** *Nunc Pro Tunc* Motion, at 2-6) (unnumbered). This Court will not consider new theories of relief on appeal. ***See Little, supra***. Consequently, Appellant's first issue is

waived. *See Douglass, supra*; Pa.R.A.P. 302(a).

In his second issue, Appellant argues that the Commonwealth introduced into evidence certain pages from the journal that police recovered from Appellant's vehicle.[6] Appellant insists that the Commonwealth "simply presented the material in hopes that the merely suggestive nature of some of the titles would be enough to imply child pornography, or to suggest that any interest in sexually-related material … demonstrates a perversion that would lead to the consumption of child pornography." (Appellant's Brief at 21). Appellant contends that the prejudicial impact of this evidence outweighed any probative value. Appellant concludes that the trial court erred by admitting the journal pages into evidence. We disagree.

An appellant's challenge to the admissibility of evidence is waived if the appellant does not challenge the evidence when it was offered. *Commonwealth v. Chambliss*, 847 A.2d 115, 120 (Pa.Super. 2004), *appeal denied*, 579 Pa. 699, 857 A.2d 676 (2004). To preserve a claim of error in conjunction with a court's ruling to admit evidence, a party must make a timely, specific, on-the-record objection in the trial court. *See* Pa.R.E. 103(a)(1)(A), (B).

Instantly, the Commonwealth presented testimony from Mark Hynes, the Captain of Operations at the Sharon Police Department. (*See* N.T. Trial,

---

[6] "Exhibit 17 was a list of websites, and Exhibit 18 was a list of movies." (Appellant's Brief at 20).

7/20/21, at 167). Captain Hynes testified about the search of Appellant's vehicle. Captain Hynes explained that police obtained a search warrant for Appellant's Saturn Ion. Captain Hynes conducted the search. During the search, Captain Hynes recovered Appellant's journal.

The prosecutor then displayed photos, Exhibits 17 and 18, and Captain Hynes confirmed that the photos depicted pages from the journal that he recovered. (*Id.* at 191). The prosecutor asked to publish the exhibits to the jury, and trial counsel responded, "No objection." (*Id.* at 192). The prosecutor subsequently questioned Captain Hynes about the writing on the journal pages depicted in Exhibits 17 and 18. (*Id.* at 197-99). Again, Appellant failed to object to any of this testimony regarding the contents of the journal. Under these circumstances, Appellant's second issue is also waived. **See Chambliss, supra**; Pa.R.E. 103(a)(1)(A), (B).

In his third issue, Appellant claims that "the Commonwealth had to prove [Appellant] had a knowing possession of the material" discovered on the cell phones. (Appellant's Brief at 23). Regarding his possession of the contraband, Appellant maintains that the Commonwealth failed to link him to the cell phones in question. Specifically, Appellant insists that he kept the cell phones at his apartment, which he shared with a roommate. Appellant complains that the Commonwealth's investigation "did not include any inquiry [into] whether [Appellant's] roommate had accessed the phones." (*Id.* at 24).

Moreover, the location of the images which were ultimately deemed child pornography were kept in a secure photo vault that contained multiple images that were not child porn. The Commonwealth could not demonstrate precisely when these images were uploaded to the vault nor was it established that these images were downloaded to the phone and then placed in the photo vault or uploaded to the vault from an outside source, nor did the Commonwealth prove [Appellant] downloaded these images or even knew these images were in the photo vault.

(*Id.*)  Based upon the foregoing, Appellant concludes that the Commonwealth presented insufficient evidence to support his convictions.  We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence.  Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgement for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's

- 11 -

convictions will be upheld.

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting ***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

The Crimes Code defines the offense of sexual abuse of children as follows:

**§ 6312. Sexual abuse of children**

\* \* \*

**(d) Child pornography.—**Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(d).

Further, the Crimes Code defines the offense of criminal use of a communication facility as follows:

**§ 7512. Criminal use of communication facility**

**(a) Offense defined.—**A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512(a) (footnote omitted).

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." ***Commonwealth v. Jones***, 874 A.2d 108, 121 (Pa.Super. 2005) (quoting ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa.Super. 2005)). "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." ***Id.*** "The intent to exercise conscious dominion can be inferred from the totality of the circumstances." ***Id.*** "Constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." ***Commonwealth v. Valette***, 531 Pa. 384, 388, 613 A.2d 548, 550 (1992).

> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Commonwealth v. Parish***, 191 A.3d 31, 36-37 (Pa.Super. 2018), *appeal denied*, 651 Pa. 10, 202 A.3d 42 (2019) (internal citations and quotation marks omitted).

Instantly, the trial court evaluated Appellant's sufficiency challenge as follows:

> In this case, the images were located in phones that were inside [Appellant's] car. There was uncontroverted testimony from Mr. Barbalachi that, at the direction of [Appellant], Barbalachi had removed these items from [Appellant's] apartment, placed them in [Appellant's] vehicle, and drove the vehicle to Mr. Barbalachi's property. [Appellant] resided in an apartment where the original

> downloads took place. Located in the vehicle near the phones was a journal with login information to those phones.

(Trial Court Opinion at 6-7) (record citations omitted). Thus, the court concluded that the Commonwealth presented sufficient, circumstantial evidence to demonstrate Appellant's constructive possession of the cell phones. Our review of the record supports the court's conclusion.

Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, sufficient evidence supported Appellant's convictions. *See Sebolka, supa*. In addition to Mr. Barbalachi's testimony, we emphasize the testimony from Captain Hynes revealing that the cell phones were discovered along with Appellant's journal. The journal contained lists of pornographic websites and movies. (*See* N.T. Trial, 7/20/21, at 196-97). Captain Hynes also testified that an email address utilized by Appellant was listed in the NCMEC report in conjunction with the Google account that originally accessed the child pornography. (*Id.* at 52-53, 201). Despite Appellant's arguments to the contrary, it was reasonable for the jury to infer that Appellant exercised control over the cell phones recovered from his vehicle and knowingly possessed the child pornography found on the phones. *See Parish, supra*; 18 Pa.C.S.A. § 6312(d). Therefore, Appellant is not entitled to relief on his third claim.

In his final issue, Appellant acknowledges that the court imposed a mandatory minimum sentence for his sexual abuse of children conviction,

pursuant to 42 Pa.C.S.A. § 9718.2. Appellant insists, however, that the Commonwealth did not produce sufficient evidence at sentencing to prove that Appellant had previously been convicted of another sex offense. Appellant claims that "the record from the 1999 Washington County conviction at best presented discrepancies." (Appellant's Brief at 28). Appellant complains that the Commonwealth could not confirm the grading of his 1999 conviction, and the Commonwealth could not confirm whether Appellant registered as a sex offender following the 1999 conviction. "Because the sentencing court did not have a clear record that ensured that the prior conviction being used to enhance [Appellant's] sentence satisfied the sentence-enhancing requirements," Appellant concludes that the court imposed an illegal sentence. (*Id.* at 31-32). We disagree.

"[B]ecause a sentencing court loses its authority to exercise discretion when a mandatory minimum sentence applies, the question of the propriety of applying a mandatory minimum sentencing provision implicates legality." ***Commonwealth v. Prinkey***, ___ Pa.___, ___, 277 A.3d 554, 564 (2022) (quoting ***Commonwealth v Wolfe***, 636 Pa. 37, 57, 140 A.3d 651, 663-64 (2016) (Baer, J., concurring)). Section 9718.2 provides, in relevant part, as follows:

**§ 9718.2. Sentences for sexual offenders**

**(a)    Mandatory sentence.—**

(1)    Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14

- 15 -

(relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

\*     \*     \*

**(c)     Proof of sentencing.—**The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, **by a preponderance of the evidence**, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

42 Pa.C.S.A. § 9718.2(a)(1), (c) (emphasis added). Sexual abuse of children

(possession of child pornography) is a Tier I sexual offense that triggers the mandatory sentencing provisions of Section 9718.2. *See* 42 Pa.C.S.A. § 9799.14(b)(9).

"A preponderance of the evidence is only the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." *Commonwealth v. Neysmith*, 192 A.3d 184, 189 (Pa.Super. 2018), *cert. denied*, ___ U.S. ___, 139 S. Ct. 2640, 204 L.Ed.2d 287 (2019) (internal quotation marks omitted). "In other words, when weighing the evidence of record, the trial judge need only find that the fact in question is more-likely-than-not true." *Id.* at 190. "To determine whether the Commonwealth offered sufficient evidence to tip the evidentiary scale in its favor, we will review all the evidence and testimony offered at the sentencing hearing." *Id.*

Instantly, the court conducted Appellant's SVP and sentencing hearing on November 30, 2021. At that time, the Commonwealth introduced records of Appellant's 1999 guilty plea for sexual abuse of children. (*See* N.T. Sentencing Hearing at 49). Although the exhibits from the sentencing hearing are not a part of the certified record on appeal, the testimony from Ms. Manno confirmed the existence of the prior conviction. We reiterate that Ms. Manno reviewed Appellant's criminal record and specifically testified that Appellant had entered the 1999 guilty plea. (*Id.* at 14). Ms. Manno also explained that the Washington County District Attorney's Office provided her with records

from the case, which demonstrated that police recovered child pornography from Appellant's residence.[7] (*Id.* at 15). These records also included some of Appellant's statements to police.

Here, we cannot say that the court erred in determining that the Commonwealth satisfied the preponderance of the evidence standard. *See Neysmith*, *supra*. *See also Commonwealth v. Smith*, 866 A.2d 1138 (Pa.Super. 2005), *appeal denied*, 583 Pa. 682, 877 A.2d 462 (2005) (holding that Commonwealth met its burden of establishing defendant's convictions for prior violent crimes by preponderance of evidence; at sentencing, Commonwealth offered certified court documents, FBI rap sheet, and NCIC rap sheet to demonstrate prior convictions). Thus, Appellant is not entitled to relief on his final claim, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/27/2024

---

[7] Although the certified record does not include the exhibits from the sentencing hearing, it contains a copy of the criminal information filed in conjunction with Appellant's 1999 guilty plea. (*See* Appellant's PCRA Petition, filed 4/27/23, at Exhibit C). The criminal information stated that Appellant "did possess two (2) books of child pornography named 'Age of Innocence' and 'Radiant Identities.'" (*Id.*)